<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPTION CARE HEALTH INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>SPECIALTY RX INC.,<br><br>*Defendant.* | Civil No.: 25-cv-9823 (KSH) (MAH)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Option Care Health Inc. has sued Specialty Rx Inc., alleging breach of contract and a failure to pay approximately $400,000 owed for infusion pharmaceuticals Option Care supplied. Specialty Rx Inc. has moved to dismiss, asserting that it was not a signatory to the letters of authorization underlying Option Care's claims, and alternatively that the letters of authorization are not binding contracts. For the reasons set forth below, Specialty Rx Inc.'s motion is granted, and the complaint is dismissed without prejudice.

**II.    Background**

Option Care is a provider of infusion therapy products to specialty pharmacies, who in turn distribute these products to patients. (D.E. 1, Compl. ¶¶ 8-9.) Defendant Specialty Rx Inc. is one such specialty pharmacy. (*Id.* ¶ 9.)

Before sending its product to a customer, Option Care and the pharmacy enter into a letter of authorization ("LOA"). (*Id.* ¶ 10.) According to the complaint,

> [e]ach LOA is a contractual agreement that Option Care and Defendant negotiate for each specific patient. The pricing set forth in the LOA is based off Average Wholesale Price ("AWP"), which is a commonly used pricing benchmark that estimates the price wholesalers charge pharmacies for medications. Here, the

1

AWP was discounted by an agreed-upon percentage negotiated by the parties and the final price was memorialized in an LOA.

(*Id.* ¶ 11.)

The complaint alleges that Specialty Rx Inc. and Option Care signed LOAs,[1] and that "Option Care delivered the infusion pharmaceuticals pursuant to each LOA and billed [Specialty Rx Inc.] accordingly." (*Id.* ¶¶ 11-13.) Specialty Rx Inc. "failed to remit payments to Option Care," resulting in an outstanding balance of $414,601.00. (*Id.* ¶¶ 14-16.) Option Care asserts that Specialty Rx Inc. failed to pay because it believed that the prices contained in the LOAs were "inflated." (*Id.* ¶ 15.)

Option Care has asserted claims for breach of contract (Count One), breach of the implied covenant of good faith and fair dealing (Count Two), unjust enrichment (Count Three), and promissory estoppel (Count Four). (*Id.* ¶¶ 18-43.) It invokes the Court's diversity jurisdiction, as Option Care is incorporated in Delaware and is based in Illinois and Specialty Rx Inc. is incorporated and based in New Jersey. (*Id.* ¶¶ 4-6.)

Specialty Rx Inc. has moved under Fed. R. Civ. P. 12(b)(6) for failure to sue the correct party. (D.E. 7.) It alleges that the LOAs are addressed to and signed by a separate legal entity, Specialty Rx PFL Pharmacy, which is the business name of Chronic Care Pharmaceutical Services, LLC. (*Id.* at 1-2; D.E. 7-1, Declaration of Joel Zupnick ("Zupnick Decl.") ¶ 4.) In the alternative, Specialty Rx Inc. argues that the LOAs are not binding contracts but instead reflect "proposed pricing" for Option Care's pharmaceuticals, which defeats Counts One and Two, and

---

[1] While the complaint states that "[a] list of the unpaid invoices is attached as Exhibit A" (*id.* ¶ 17), no such exhibit exists. However, the Court may consider the example LOAs attached to Specialty Rx Inc.'s motion to dismiss (D.E. 7-3) and to Option Care's opposition (D.E. 11-2) because the LOAs are "documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

2

that Count Four should be dismissed because the LOAs do not include a "clear and definite" promise to pay Option Care.  (D.E. 7, Mtn. to Dismiss, at 2-4.)

Option Care attaches as exhibits correspondence between Option Care and Specialty Rx Inc. to support its argument that it had a "good faith basis" to sue Specialty Rx Inc.  (D.E. 10, Opp., at 7-8.)  However, it acknowledges that Specialty Rx PFL Pharmacy—the entity that signed as the "payor" on the LOAs—"may also bear some liability" and requests permission to amend the complaint to add it as a defendant.  (*Id.* at 8.)  As to its contractual and quasi-contractual claims, Option Care asserts that the LOAs are binding contracts, and that its other claims survive even if the LOAs are found to be deficient because Option Care provided benefits without being paid.  (*Id.* at 4-7.)

## III.    Standard of Review

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The claim must be "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  On a Rule 12(b)(6) motion to dismiss, the Court "ask[s] whether the complaint states a claim for relief, taking all factual allegations as true, disregarding legal conclusions, and drawing all reasonable inferences in the plaintiff's favor." *Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 86 (3d Cir. 2025).

## IV.    Discussion

The complaint alleges that Specialty Rx Inc. entered into LOAs with Option Care, received the infusion pharmaceuticals pursuant to the LOAs, and failed to pay Option Care for them.  (D.E. 1, Compl. ¶¶ 9-32.)  It pleads in the alternative that Specialty Rx Inc. promised to

pay and was unjustly enriched by failing to pay Option Care.  (*Id.* ¶¶ 33-43.)  From this it appears that Option Care's main legal theory is that the LOAs form a contract between it and Specialty Rx Inc., which Specialty Rx Inc. breached, resulting in damages to Option Care.

But the LOAs are signed by Specialty Rx PFL Pharmacy, which according to the papers filed by Specialty Rx Inc. is a separate legal entity.  (D.E. 7, Mtn. to Dismiss, at 1; D.E. 7-1, Zupnick Decl. ¶¶ 3-8; *see also* D.E. 7-3 (LOAs from 5/7/24 and 7/2/24); D.E. 11-2 (LOA from 1/24/24).)  Indeed, the Vice President of Specialty Rx Inc. attests that Specialty Rx Inc. "did not enter into any LOA or Negotiated Pricing Form with Option Care, Inc." or "order, receive, or pay for any pharmaceuticals under any LOA referenced in the Complaint."  (D.E. 7-1, Zupnick Decl. ¶¶ 2, 5-6.)

In its opposition, Option Care attempts to submit other documents to the Court to prove that "Specialty Rx is a correct party," suggesting that Specialty Rx Inc. and Specialty Rx PFL Pharmacy may be linked through shared principals and employees.  (D.E. 10, Opp., at 7-8.) However, the Court cannot consider these documents on a motion to dismiss; they were not attached to the complaint, are not matters of public record, and are not documents that form the basis of a claim.  *See Lum*, 361 F.3d at 221 n.3.

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).  The complaint is silent as to the relationship between Specialty Rx Inc. and Specialty Rx PFL Pharmacy; it does not mention the latter at all.  And it alleges that Specialty Rx Inc. "agreed to the final pricing as set forth in the LOAs" (D.E. 1, Compl. ¶ 12), a fact that is contradicted by the LOAs themselves and the Zupnick Declaration.

Option Care has therefore not pleaded "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added); *see also In re Teleglobe Comms. Corp.*, 493 F.3d 345, 371 (3d Cir. 2007) (finding that "courts must respect entity separateness unless doing so would work inordinate inequity"); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001) (noting that "courts have refused to pierce the veil even when subsidiary corporations use the trade name of the parent"). This defect requires the Court to dismiss the complaint without prejudice to amendment.

## V.    Conclusion

The complaint is dismissed without prejudice, and amendment within 21 days is granted. An appropriate order will issue.

*/s/ Katharine S. Hayden*

Date: March 30, 2026                                Katharine S. Hayden, U.S.D.J.

5